**UNITED STATES of America,
Plaintiff,**

v.

**Kevin KAQUATOSH, Defendant.**

**No. 02–CR–151.**

United States District Court,
E.D. Wisconsin.

Jan. 24, 2003.

Joy M. Bertrand, for Plaintiff or Petitioner.

Dean A. Strang, for Defendant or Respondent.

### *DECISION AND ORDER*

ADELMAN, District Judge.

Defendant Kevin Kaquatosh is charged with two counts of assault with intent to kill. Count one alleges that on December 31, 2001, defendant struck Marvin Wayka on the head with a wooden object, causing Wayka to lose consciousness and sustain an open skull fracture. The government moved in limine for an order that law enforcement officers be permitted, pursuant to Fed.R.Evid. 801(d)(1)(C), to testify that two witnesses told them that defendant assaulted Wayka. I orally denied the motion at a pre-trial conference and now issue this opinion to further explain my reasoning.

### I.

The government indicated that the officers would testify to statements made by Connie Freeman and Virginia Waupoose

regarding the incident alleged in count one of the indictment. On January 7, 2002, Freeman informed one of the officers that on December 31 she observed defendant strike Wayka on the head and face with a piece of wood. Waupoose apparently told a second officer that she also observed defendant hit Wayka on the head with a piece of wood.

Neither Freeman nor Waupoose observed defendant in a line-up, show-up, or photo array and then identified him. Rather, they simply advised the officers that they observed defendant assault Wayka.

## II.

Fed.R.Evid. 801(d)(1)(C) provides that a "statement is not hearsay" and thus is admissible as substantive evidence if it was a prior statement by the witness, the "declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is … one of identification of a person made after perceiving the person." The Rule was enacted primarily for two reasons.

First, courtroom identifications are thought to be less convincing than prior, out-of-court identifications made when witnesses' memories are fresher and the conditions less suggestive. Therefore, corroboration with the earlier identification should be allowed. *See* Michael H. Graham, *Handbook of Federal Evidence* § 801.13 at 122 (2001) (citing *United States v. Lewis,* 565 F.2d 1248, 1251 (2d Cir.1977); *see also United States v. Owens,* 484 U.S. 554, 562, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988) ("The premise for Rule 801(d)(1)(C) was that, given adequate safeguards against suggestiveness, out-of-court identifications were generally preferable to courtroom identifications."); *United States v. Marchand,* 564 F.2d 983, 996 (2d Cir. 1977) ("The purpose of the rule was to permit the introduction of identifications made by a witness when memory was fresher and there had been less opportunity for influence to be exerted upon him.").

Second, the Rule was designed to address the situation where a witness could not make an in-court identification. Thus, if before trial the witness had identified the defendant but was unable to do so at trial because of memory lapse or recantation, testimony concerning the pre-trial identification would be admissible. *See United States v. Elemy,* 656 F.2d 507, 508 (9th Cir.1981); *see also Owens,* 484 U.S. at 562, 108 S.Ct. 838; *United States v. Paredes–Rodriguez,* 160 F.3d 49, 58 (1st Cir. 1998).[1]

■ Consistent with the purposes of the Rule, even if the witness is unable to recall or explain the basis of a prior identification, evidence of such identification is admissible so long as the witness is available and subject to cross-examination at trial. *See Owens,* 484 U.S. at 561–64, 108 S.Ct. 838 (allowing witness to testify as to prior identification of assailant where, due to severe head injury and resultant memory loss, he was unable to recall the actual assault). And the out-of-court identification may be introduced through the witness/declarant or through a third party witness to the identification, such as a law enforcement officer. *See, e.g., United States v. O'Malley,* 796 F.2d 891, 899 (7th Cir.1986); *United States v. Jarrad,* 754 F.2d 1451, 1456 (9th Cir.1985); *Elemy,* 656 F.2d at 508.

Because the introduction in a criminal trial of evidence that would otherwise be

---

1. Although not at issue here, testimony concerning prior out-of-court *mis*identification or *failure* to identify can also be admissible under this Rule. *See, e.g., United States v. Brink,* 39 F.3d 419, 426 (3d Cir.1994); *United States v. Brewer,* 36 F.3d 266, 271 (2d Cir. 1994); *United States v. Duarte,* 691 F.2d 508 (9th Cir.1982).

inadmissible hearsay implicates the defendant's right to confront his accusers, and because such evidence is often of questionable reliability, testimony may be admitted under Rule 801(d)(1)(C) only under certain circumstances.[2] First, the person who made the identification must testify at trial; it not sufficient for only a witness to the identification to testify. *See, e.g., Duarte*, 691 F.2d 508; *cf. Brewer*, 36 F.3d at 271–72 (refusing to allow defendant to present evidence of failure to identify through third-party witness as present sense impression under Fed.R.Evid. 803(1) where defendant declined to call the declarants). This limitation flows not only from the plain language of the Rule but also from the Confrontation Clause of the Sixth Amendment; the defendant must have the opportunity to cross-examine the person who allegedly identified him.

■ Second, the pre-trial identification which is the subject of the testimony must have been reliable. Generally, "out-of-court identifications are believed to be more reliable than those made under suggestive conditions prevailing at trial, and the availability of the declarant for cross-examination eliminates the major danger of hearsay testimony." *Elemy*, 656 F.2d at 508. However, otherwise proper testimony concerning prior out-of-court identifications is inadmissible if the initial identification was impermissibly suggestive or obtained in violation of the defendant's right to counsel. *See, e.g., United States v. Honer*, 225 F.3d 549, 555 n. 4 (5th Cir. 2000); *United States v. Cueto*, 611 F.2d

1056, 1063 (5th Cir.1980). This limitation is required to prevent Rule 801(d)(1)(C) from becoming an end run around the constitutional standards governing pre-trial identifications established in cases such as *United States v. Wade*, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), which were established to ensure the reliability of identifications.

Finally, courts should pay special attention to such testimony from third-parties. If the witness-declarant has *not* recanted or claimed memory loss, identification testimony from third parties could be cumulative, improperly bolster the declarant, confuse the jury, and waste court time. *See* Fed.R.Evid. 403.

### III.

Based on the plain language and the purposes of Rule 801(d)(1)(C), the testimony proffered by the government must be excluded.

### A.

The government's written motion did not explain why it wanted to introduce third-party testimony regarding the out-of-court statements of Freeman and Waupoose. If Freeman and Waupoose testify at trial, as the Rule requires, they could describe what they saw and identify defendant in court. Rule 801(d)(1)(C) is ordinarily invoked when a witness recants or

---

**2.** This provision was promulgated by the Supreme Court in 1972 and passed by the House of Representatives. However, it was deleted by the Senate in 1974 "because of the concern that a person could be convicted solely upon evidence admissible under this subdivision." Fed.R.Evid. 801(d)(1)(C) advisory committee's note, 1974 enactment. "Not long thereafter, the subsection was resurrected in an amendment to Rule 801, effective October 31, 1975. The Senate Report on the 1975 amendment attributed the initial opposition to the subsection to concern over convicting a defendant solely on 'unsworn, out-of-court testimony.'" *Lewis*, 565 F.2d at 1251 (quoting S.Rep. No. 199, 94th Cong. 1st Sess. 2 (1975)) (footnote omitted). Although the provision was enacted, the basis for the Senate's concern was legitimate and remains so.

claims amnesia, and the government did not suggest that either would occur here.

■ At the pre-trial conference, the government's counsel stated that she expected Freeman and Waupoose to appear and identify defendant in court. Therefore, admission of third-party testimony concerning their prior out-of-court statements under the Rule is unnecessary. Such testimony would be cumulative, of limited value, and could serve to "unduly emphasize the prior identification to the extent of misleading the jury." Graham, *supra*, at 124; *see* Fed.R.Evid. 403. Therefore, it will not be allowed under Rule 801(d)(1)(C).[3]

## B.

More importantly, Rule 801(d)(1)(C) is properly invoked to allow testimony concerning an identification of the defendant by the declarant at a line-up, show-up, in a photo array, or at a prior hearing—in other words, after observing the defendant or his likeness. Graham, *supra*, at 116; *see, e.g., Owens*, 484 U.S. at 556, 108 S.Ct. 838 (victim identified defendant from an array of photographs). The Rule itself requires that the identification be made "after perceiving the person." Fed.R.Evid. 801(d)(1)(C).

Although the courts have consistently held that the identification referred to in the Rule need not be a personal identification (it could be of a photograph or sketch), and the statement of identification need not occur "soon" after the initial perception (it may take awhile to apprehend the defendant, the victim-declarant may be hospitalized), the purpose of the Rule is to "permit evidence of an identification made after recognizing the assailant on subsequent observation." Graham, *supra*, at 116. In the present case, Freeman and Waupoose did not identify defendant after

recognizing him on subsequent observation. Rather, they simply told the officers that defendant committed the crime. Their statements were more accusation than identification. The Rule was not intended to allow the introduction as substantive evidence of hearsay statements that "the defendant did it."

There is, however, some authority to the contrary. In *United States v. Lopez*, 271 F.3d 472, 484 (3d Cir.2001), *cert. denied*, 535 U.S. 908, 122 S.Ct. 1211, 152 L.Ed.2d 148 (2002), the government called a witness who had told the police, on the day after the crime, that he had seen the defendants in the area of the crime at the time it was committed. At trial he recanted, and the district court allowed the officer to testify to the witness's prior statement. In affirming, the appellate court acknowledged that "evidence is generally admitted under 801(d)(1)(C) when a witness has identified the defendant in a line-up or photospread, but forgets, or changes, his testimony at trial." *Id.* at 485.

While we have yet to construe Rule 801(d)(1)(C) as covering this type of identification, that is, one that consists of a person coming forward after a crime is committed and saying he saw a particular person at a certain place and time, viewing both the Advisory Committee notes to Rule 801 and our own case law, we see no basis to conclude that Rule 801 does not extend to such situations. Any concerns regarding conditions or circumstances that might bear on reliability are matters going to the weight of the evidence, which can be addressed on cross-examination, and should not affect the admissibility of the statement. In any event, certainly the trial judge did not abuse his discretion, nor was the error prejudicial in light of

---

**3.** This is not to say that the evidence could not be admitted under some other rule or for some other purpose. My decision is limited to Rule 801(d)(1)(C).

the overwhelming evidence against the defendants.

*Id.; cf. United States v. Davis*, 181 F.3d 147, 149 (D.C.Cir.1999) (stating that the district court could have admitted a police report containing an identification of the defendant under Rule 801(d)(1)(C)); *Brink*, 39 F.3d at 424–26 (holding that bank teller's statement to FBI agent the day after the robbery regarding robber's eye color should have been admitted).

This interpretation is problematic for two reasons. First, it is contrary to the plain language of the Rule, which refers to statements of "identification." Statements such as those under consideration here are not "identifications" as that term is commonly used and understood. Pre-trial identifications occur when a witness views a defendant in a line-up, show-up, or photo array, or at a preliminary hearing. *See, e.g.,* Andrew B. Cales, *Identifications, Thirty–First Annual Review of Criminal Procedure*, 90 Geo. L.J. 1232 (2002); Michael D. Monico & Barry A. Spevack, *Seventh Circuit Criminal Handbook* § 222 (2001). They do not include statements unaccompanied by recognition of the defendant or his likeness. And as Professor Graham has noted: "The concept of 'after perceiving him' should be interpreted to refer to perceiving the individual or a representation of him once again after the event in question." Graham, *supra*, at 115 (citing *United States v. Marchand*, 564 F.2d 983 (2d Cir.1977)).[4]

Second, the *Lopez* court's interpretation allows the admission as substantive evidence of hearsay statements with no particular indicia of reliability.

Under the court's view anytime a victim [or a witness to a crime] identifies an assailant, the statement of identification will be admissible provided the declarant is subject to cross-examination. Thus if a rape victim five days later told her mother it was Bob Smith who raped me, the statement would be admissible. Notice, however, that the common law doctrine of prompt complaint in rape cases says that even prompt statements identifying the assailant are not admissible prior consistent statements. Such a limitation makes no sense if the statement of identification is admissible under the common law equivalent of Rule 801(d)(1)(C). The purpose of Rule 801(d)(1)(C) is to permit evidence of an identification made after recognizing the assailant on subsequent observation. It is not intended to permit introduction of hearsay statements of the victim advising friends, relatives or the police that it was Bob Smith who raped me.

*Id.* at 116 (internal citation omitted).

A proper statement of identification under this Rule—one accompanied by recognition of the defendant or his likeness—carries with it a certain measure of reliability, not only because it occurs when the witness's memory is fresher and conditions less suggestive than at trial, but also because it consists of more than a mere accusation. This is particularly true when the witness picks the defendant out of a line-up or photo array and thus must

---

4. This interpretation is supported by the manner in which the Supreme Court evaluates the admissibility of pre-trial identifications. In determining whether such identifications are reliable the Court considers "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Manson*, 432 U.S. at 114, 97 S.Ct. 2243; *see also Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Thus, the Court assumes that the identification takes place when the witness views the defendant again after the crime and that the witness is "confronted" by the defendant or his likeness.

choose among several alternatives. Where the declarant merely provides an officer with a name but does not connect the name with a face, there is less assurance of reliability.

Further, the *Lopez* court's interpretation essentially nullifies the requirement that prior inconsistent statements [5] admissible under Fed.R.Evid. 801(d)(1)(A) be given "under oath." If Rule 801(d)(1)(C) is interpreted to allow admission of *any* statement naming the defendant (which as a practical matter will be many if not most relevant statements in criminal cases), not just those involving identification made during a line-up, show-up, photo spread, or other identification process (which provide greater reliability), the guarantee of truthfulness ensured by the "under oath" requirement of Rule 801(d)(1)(A) would be lost.

The *Lopez* rule, essentially, allows out-of-court accusations which are barred by the hearsay Rule to be admitted as substantive evidence, and it does so without any assurance of reliability. For these reasons, I reject the Third Circuit's interpretation of Rule 801(d)(1)(C) in *Lopez*. The government's motion must be denied because the statements at issue are not "identifications" under Rule 801(d)(1)(C).

## IV.

**THEREFORE, IT IS ORDERED** that the government's motion is **DENIED.**

---

**5.** Assuming that the witness recants or forgets, his or her out-of-court identification would be a prior inconsistent statement.