965 So.2d 946 (2007)
STATE of Louisiana, Appellee
v.
Verdell RANKIN, Appellant.
No. 42,412-KA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*947 Louisiana Appellate Project, by G. Paul Marx, Lafayette, Steven R. Thomas, Mansfield, for Appellant.
Don Burkett, District Attorney, Richard Zemry Johnson, Jr., Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
GASKINS, J.
The defendant, Verdell Rankin, was convicted of second degree battery and sentenced to three years at hard labor. He appeals. We affirm the defendant's conviction and sentence. We remand the matter to the trial court to correct the minutes pertaining to the defendant's sentence.

FACTS
On August 12, 2005, the defendant went to the home of his girlfriend, the victim in the instant case. She was present at the house with another man. There was a physical altercation between the defendant and the victim. The defendant dropped the victim off at a hospital.
At the hospital, the victim was treated for facial injuries and a broken finger. She gave the police two statements. In both statements, she told the police that the defendant inflicted her injuries. She stated that the victim was armed with a *948 handgun which he used to pistol-whip her. According to the victim's statement to the police, the defendant also threatened her and her male companion with the gun.
The defendant was charged with aggravated second degree battery, possession of a firearm by a convicted felon, and aggravated burglary.
Following a bench trial, the trial court convicted the defendant of the responsive verdict of second degree battery on the charge of aggravated second degree battery, but found him not guilty on the charges of possession of a firearm by a convicted felon and aggravated burglary. The trial court ordered that a presentence investigation (PSI) report be prepared. After reviewing the PSI report, the trial court sentenced the defendant to imprisonment at hard labor for three years with credit for time served. The defendant's motion to reconsider was denied.
The defendant appealed.

SUFFICIENCY OF EVIDENCE
The defendant argues that the evidence was insufficient to support his conviction because there was no evidence other than the victim's prior inconsistent statements to support a finding that he intentionally inflicted serious bodily injury upon her.
The state contends that the trial testimony of the victim, the police officer, and the defendant himself also supported the trial court's finding and, therefore, the trial court did not err in considering the impeached testimony of the victim as a basis for conviction.

Law
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. The reviewing court accords great deference to the judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Morrison, 40,852 (La. App.2d Cir.4/12/06), 927 So.2d 670.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.2/5/99), 737 So.2d 747.
*949 In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a requisite factual conclusion. State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, writ denied, XXXX-XXXX (La.11/9/06), 941 So.2d 35.
To convict a person of second degree battery, the state must prove the following elements beyond a reasonable doubt: (1) the intentional use of force or violence upon the person of another; (2) without the consent of the victim; and (3) when the offender intentionally inflicts serious bodily injury. La. R.S. 14:34.1.

Testimony
Within a day of the altercation at her home, the victim gave the police two statements in which she detailed how the defendant entered her bedroom where she was lying in bed with another man watching television. According to her statements, the defendant became angry, calling her "bitch" and "whore." While threatening the lives of the victim and her male companion, he brandished a firearm. The male companion fled the house wearing only his underwear. The victim also said that the defendant struck her about the head with the gun. During the beating, her finger was broken.
When she testified at the defendant's trial, the victim recanted her prior accounts, initially denying that she even talked to the police. She denied that the defendant had a gun that night or that he beat her and her male companion with a gun. While admitting that the defendant had slapped her once in the house when he found her with another man, she testified at one point that the injuries that required her to go to the hospital occurred when she fell off her front porch while talking to the defendant. However, at another point she stated that the defendant hit her because he was mad and that she ended up having to go to the emergency room because of that.
When confronted with her statements by the prosecution, the victim admitted that the defendant hit her in the house. Although she testified at trial that she didn't know if he pointed a gun or a stick at her that night, she admitted telling the police that he had a black handgun. She then testified that he did not have a gun at her house. She also admitted that the police detective interviewing her asked if she ever fell to the ground and she said no.
Officer Shane Adams of the Mansfield Police Department testified that he took a taped statement from the victim at her hospital bedside shortly after she was admitted. They talked again that afternoon, at which time she provided even more detailed information. She told him that the defendant confronted her and her male companion in her bedroom. According to the victim, he threatened their lives and struck the other man. He also hit her in the face with a black handgun which she was able to describe as having a magazine in the bottom.
The officer also testified that the victim called him the day the defendant was arrested, wanting to drop the charges. He asked her if she had been truthful in her statements to him; she said that she had. He then told her that he had no interest in dropping the charges and referred her to the district attorney's office. He testified that she never indicated that she fell off a porch.
The defendant testified that the victim's son invited him in the house and that he found the victim in the bedroom with another man. At one point, he said that he was upset by the other man's presence; later he said that the victim only assumed he was upset. He admitted slapping the *950 victim once in the house because the room was dark and he saw "a shadow coming at" him. He insisted that he did not hit her that hard and that her injuries were sustained when she fell off the porch while running after him as he was leaving the house. He insisted that he cared about the victim but he described her as a chronic liar who would do things like calling the police and making false reports.

Discussion
The defendant contends that the trial court erred in allowing the victim's prior statements to the police to be used, not just as impeachment evidence, but as substantive evidence of the defendant's guilt, in contravention of State v. Cousin, 1996-2973 (La.4/14/98), 710 So.2d 1065.
Previously, this court recognized that when a nonparty witness's credibility was attacked through prior inconsistent statements incriminating the accused, the evidence was generally not admissible for its assertive value as substantive evidence of guilt. State v. Jones, 41,299 (La.App.2d Cir.11/9/06), 942 So.2d 1215, citing La. C.E. art. 607(D); State v. Owunta, XXXX-XXXX (La.5/26/00), 761 So.2d 528; and State v. Cousin, supra. However, the jurisprudence relied on by this court predated the 2004 revision of La. C.E. art. 801(D)(1)(a). Prior to 2004, this provision stated:
D. Statements which are not hearsay. A statement is not hearsay if:
(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
(a) Inconsistent with his testimony, and was given under oath subject to the penalty of perjury at the accused's preliminary examination or the accused's prior trial and the witness was subject to cross-examination by the accused; . . .
Acts 2004, No. 694, § 1, however, amended La. C.E. art. 801(D)(1)(a), which now provides:
D. Statements which are not hearsay. A statement is not hearsay if:
(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
(a) In a criminal case, inconsistent with his testimony, provided that the proponent has first fairly directed the witness' attention to the statement and the witness has been given the opportunity to admit the fact and where there exists any additional evidence to corroborate the matter asserted by the prior inconsistent statement; . . .
Therefore, while prior inconsistent statements can be used to attack credibility under La. C.E. art. 607(D)(2), pursuant to the 2004 revision to La. C.E. art. 801(D)(1)(a), such nonhearsay statements are also admissible for their assertive value.[1] George W. Pugh et al., Handbook on Louisiana Evidence Law, pp. 484, authors' note no. 9 to La. C.E. art. 607 and pp. 560-561, authors' note 3 to La. C.E. art. 801 (2007). This change in the law appears to have been partially intended to address cases of domestic violence (such as this *951 one), which are among the most fertile grounds for noncooperative nonparty witnesses.
To support a conviction of second degree battery, the evidence must support a finding that the offender intentionally inflicted serious bodily harm. La. R.S. 14:34.1 defines serious bodily harm as meaning bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death. The severe injuries to the victim's face and/or the disfigurement to her finger, therefore, must be shown to have been inflicted by the defendant. The defendant and the victim both readily admitted that a battery was committed but denied that the defendant was responsible for the serious injuries the victim suffered.
During the trial, the victim was asked to read verbatim the statements she made to the police, which were inconsistent with her trial testimony, and she was given the opportunity to admit her previous statements. Before these prior statements can be accepted as nonhearsay, and therefore probative, additional evidence must also corroborate the facts sought to be proved by these prior inconsistent statements.
The other facts admitted by the defendant and the victim at trial support the victim's earlier statements that the defendant was responsible for all of her injuries. Both testified to a scenario where the defendant found the victim in bed with an undressed man and became angry. The situation was so volatile that the undressed man fled in his underwear, leaving his pants and shirt behind. The victim also testified that the defendant hit her in the head because he was mad and she had to go to the emergency room because of that. Also telling was the fact that she never mentioned falling off the porch in her statements to the police, which logically would have been mentioned had such an incident occurred and caused such serious injuries.
We note that no objections were raised to the use of the prior inconsistent statements and, therefore, it is impossible to determine whether the statements were allowed in strictly for impeachment purposes or for their assertive value as well. It was incumbent upon the defendant to lodge an objection if he desired a limitation on the use of the statements. Having failed to make the objection, it can only be assumed that the statements were admitted both for impeachment purposes and their assertive value. Furthermore, the record does not show an abuse of the trial court's discretion in deeming the statements admissible under La. C.E. art. 801(D)(1)(a). Because the statements supply sufficient evidence for the defendant's conviction of second degree battery, the defendant's conviction is affirmed.
This assignment is therefore without merit.

ERROR PATENT
The trial court's minutes erroneously state that the defendant's sentence was imposed without benefit of probation, parole, or suspension of sentence. The transcript of the sentencing hearing, however, indicates that the sentence was not imposed without benefits. Also, such a condition would be illegal for second degree battery. La. R.S. 14:34.1. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La. 1983). Accordingly, we instruct the trial court to amend the minutes to accurately reflect the sentence actually imposed.

*952 CONCLUSION
The defendant's conviction and sentence are affirmed.
The trial court is directed to amend the minutes of sentencing to correctly reflect that the defendant's sentence was not imposed without benefit of parole, probation or suspension of sentence.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] La. C.E. Art. 607(D)(2) provides:

D. Attacking credibility extrinsically. Except as otherwise provided by legislation:
. . . .
(2) Other extrinsic evidence, including prior inconsistent statements and evidence contradicting the witness' testimony, is admissible when offered solely to attack the credibility of a witness unless the court determines that the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice.