JOHNSON, J.,
Dissents with Reasons.
LI, respectfully, dissent from the majority opinion. After review of the overall evidence (admissible and inadmissible), I find that there was evidence sufficient for the adjudications of attempted first degree murder. However, I find the consideration of inadmissible evidence requires a new trial. See State v. Hearold, 603 So.2d 731, 737 (La.1992). To be more specific, the reliance of the trial court on the prior inconsistent statements as substantive evidence of D.W.’s guilt requires a new trial.
Assuming a proper foundation is laid, the credibility of any witness may be attacked by extrinsic evidence, including pri- or inconsistent statements. See LSA-C.E. art. 607(D)(2). Admission of the evidence, which bears solely on the issue of credibility, turns on a judicial determination that the probative value of the extrinsic evidence is not substantially outweighed by undue consumption of time, confusion, or unfair prejudice. Id.; State v. Cousin, 96-2673, pp. 12-13 (La.4/14/98); 710 So.2d 1065, 1071. When a non-party witness’s credibility is attacked through prior inconsistent statements incriminating the accused, the evidence is generally not admissible for its assertive value as substantive evidence of guilt. Cousin, 96-2673 at 8-9, 710 So.2d at 1069. An exception to this general rule exists for cases in which the witness’s prior inconsistent statement also constitutes a prior statement of identification for purposes of LSA-C.E. art. | 2801(D)(1)(c), Louisiana’s counterpart of Fed.R.Evid. 801(d)(1)(C).[1] State v. Johnson, 99-3462, p. 2 (La.11/3/00); 774 So.2d 79, 80.
In State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99); 746 So.2d 95, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342, Hester complained that the trial court erred in allowing the detective to testify over defense objection to Ms. Mack’s initial description of the perpetrators, when said testimony added more details than were included in the victim’s own testimony. Id., 99-426 at 18, 746 So.2d at 108. This Court found that the detective’s testimony was hearsay to the extent it was not cumu *1072 lative of Ms. Mack’s own testimony. This Court found that this testimony did not fall under LSA-C.E. art. 801(D)(1)(c) because Ms. Mack gave the descriptions to the detective before she made the photographic identifications, and they had nothing to do with an identification procedure. Id., 99-426 at 18-19, 746 So.2d at 108. This Court further found that, although the trial court erred in allowing the testimony at issue, such error was harmless because Ms. Mack positively identified both defendants in photographic lineups, as well as in court. Id., 99-426 at 19, 746 So.2d at 108.
In United States v. Kaquatosh, 242 F.Supp.2d 562 (E.D.Wis.2003), the government moved in limine for an order that law enforcement officers be permitted to testify as to identifications made by two witnesses. The government indicated that officers would testify as to statements made by Freeman and Waupoose who both told officers that they observed defendant hit the victim with a piece of wood. Id. at 562-63. Neither Freeman nor Waupoose observed defendant in a lineup, show-up, or photo array and then | .¡identified him. Rather, they simply advised officers that they observed defendant hit the victim. Id. at 563. The appellate court found that statements such as these were not identifications, and that pre-trial identifications occurred when a witness viewed a defendant in a lineup, show-up, or photo array, or at a preliminary hearing. Id. at 566. It further found that pre-trial identifications did not include statements unaccompanied by recognition of the defendant or his likeness. Id. The appellate court denied the government’s motion because the statements at issue were not “identifications” under Rule 801(d)(1)(c), and because the government expected the witnesses to testify, such that the testimony of the officers would be cumulative and could mislead the jury. Id. at 562, 565, 567.
In the instant case, the State argues that the testimony concerning prior inconsistent statements of C.B. and other witnesses was not hearsay and could be used as substantive evidence of D.W.’s guilt under the amended version of LSA-C.E. art. 801(D)(1)(a). However, defendant contends that under LSA-C.E. art. 607(D), the statements were still hearsay and could not be used as substantive evidence of his guilt. In any event, the State argues that under the current version of LSA-C.E. art. 801(D)(1)(a), the statements were not hearsay, and thus, they were admissible not only to impeach, but also as substantive proof of the offense.
LSA-C.E. art. 607 provides, in pertinent part:
Art. 607. Attacking and supporting credibility generally
A. Who may attack credibility. The credibility of a witness may be attacked by any party, including the party calling him.
[[Image here]]
D. Attacking credibility extrinsically. Except as otherwise provided by legislation:
|4(1) Extrinsic evidence to show a witness’ bias, interest, corruption, or defect of capacity is admissible to attack the credibility of the witness.
(2) Other extrinsic evidence, including prior inconsistent statements and evidence contradicting the witness’ testimony, is admissible when offered solely to attack the credibility of a witness unless the court determines that the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice.
*1073 If the witness has had a fair opportunity “to admit the fact and has failed distinctly to do so,” extrinsic evidence of a prior inconsistent statement is admissible, not to prove the truth of the matter asserted, that is, not for its hearsay content, but to establish the fact of contradiction as a means of impeaching a witness’ general credibility. State v. McGee, 07-130, p. 7 (La.App. 5 Cir. 6/26/07); 963 So.2d 449, 453, citing, State v. Owunta, 99-1569 (La.5/26/00); 761 So.2d 528, 529 (per curiam). However, if the witness admits the statement, he has impeached himself by his own testimony and thus, the prior inconsistent statement is inadmissible. State v. McGee, supra.
In the instant case, the State questioned B.J. and C.B. regarding their prior statements. At trial, B.J. testified that he did not see D.W. shoot the victims. However, B.J. admitted at trial that he made the statement to the detective that D.W. had a gun and that he saw D.W. shoot at somebody. Since the State had already accomplished the impeachment of the witness through his trial testimony, the written document of B.J.’s prior inconsistent statement was unnecessary to impeach the witness’ credibility under Article 607(D). See State v. McGee, supra; State v. Harper, 07-0299, p. 13 (La.App. 1 Cir. 9/5/07); 970 So.2d 592, 601, writ denied, 07-1921 (La.2/15/08); 976 So.2d 173. However, C.B. denied at trial that he made the statement to the detective that he saw D.W. shooting the gun. Therefore, the written | ¡^document of C.B.’s prior inconsistent statement was admissible to impeach the witness’ credibility under Article 607(D). State v. McGee, supra; State v. Harper, supra.
Additionally, C.B. and B.J. both said in their prior statements that D.W. shot at the victims. They recognized D.W. because they all attended the same school.[2] The prior inconsistent statements should not have been given substantive effect because they did not constitute prior statements of identification under LSA-C.E. art. 801(D)(1)(c), since the statements were not taken in connection with formal identification procedures. Hester, supra; United States v. Kaquatosh, supra. B.J. and C.B. did not identify D.W. from a photographic lineup; rather, they both told the detectives that D.W. was one of the shooters, and that they knew D.W. from school.
Prior to its revision by 2004 La. Acts No. 694, § 1, Article 801(D)(1)(a) provided that a prior statement by a witness is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is inconsistent with his testimony, and was given under oath subject to the penalty of perjury at the accused’s preliminary examination or the accused’s prior trial and the witness was subject to cross-examination by the accused. State v. Harper, 07-0299 at 13, 970 So.2d at 601.
Following the 2004 revision, LSA-C.E. art. 801(D)(1)(a) now provides that a prior statement by a witness is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is, in a criminal case, inconsistent with his testimony, provided that the proponent has first fairly directed the witness’s attention to the statement and the witness has been given the opportunity to | fiadmit the fact and where there exists any additional evidence to corroborate the matter asserted by the prior inconsistent *1074 statement. [Emphasis added], State v. Harper, 07-0299 at 18, 970 So.2d at 601.
In State v. Rankin, 42,412 (La.App. 2 Cir. 9/19/07); 965 So.2d 946, writ denied, 07-2067 (La.3/7/08); 977 So.2d 897, defendant, who was convicted of second degree battery, inflicted physical injuries upon the victim, his girlfriend. The victim gave statements in which she told the police that defendant inflicted her injuries; however, at trial, the victim recanted her prior accounts of the incident. State v. Rankin, 42,412 at 2-4, 965 So.2d at 947-49. The Second Circuit stated that, before the pri- or statements could be accepted as non-hearsay, and therefore probative, additional evidence must also corroborate the facts sought to be proved by these prior inconsistent statements. Id., 42,412 at 8, 965 So.2d at 951.
As mentioned in the majority opinion, the central issue is whether D.W. shot one or both of the victims. The prior inconsistent statements of the witnesses state that D.W. did so. However, before prior inconsistent statements can be accepted as non-hearsay, and therefore probative, additional evidence must also corroborate the “matter asserted” or the “facts sought to be proved” by these prior inconsistent statements. LSA-C.E. art. 801(D)(1)(a); State v. Rankin, supra.
There was no additional evidence introduced at trial to corroborate that D.W. shot at one or both of the victims and, therefore, the statements were inadmissible under Article 801(D)(1)(a). Rankin is distinguishable from the instant case because there was other testimony at trial in Rankin to support the convictions, even though witnesses recanted their prior statements. In other words, there was additional other evidence to corroborate the matter asserted by the prior statements. LSA-C.E. art. 17801(D)(l)(a). In Rankin, although the victim recanted her prior statement incriminating the defendant, the victim did testify at one point during trial that defendant hit her in the head, and she had to go to the emergency room as a result of the head injury.
Although a statement may constitute inadmissible hearsay, if the statement is merely cumulative or corroborative of other evidence, the admission of the evidence is harmless error. State v. Galliano, 05-962, p. 37 (La.App. 5 Cir. 8/29/06); 945 So.2d 701, 726, writ denied, 06-2367 (La.4/27/07); 955 So.2d 682. The inquiry is whether the guilty verdict actually rendered in the trial was surely unattributable to the error. State v. Galliano, 05-962 at 37-38, 945 So.2d at 726, citing, State v. Maise, 00-1158 (La.1/15/02); 805 So.2d 1141, 1148.
The admissions of the statements in this case were not harmless because they were the only evidence submitted that D.W. shot, at least, one of the victims, and that evidence was not merely cumulative or corroborative of other evidence. State v. Galliano, supra. A review of the trial judge’s reasons for judgment shows that she clearly considered the statements as substantive evidence of D.W.’s guilt. As such, I And that the verdict rendered in this case was surely attributable to the error and a reversal and remand for a new trial is mandated.[3]

. LSA-C.E. art. 801 D(l)(c) provides:
D. Statements which are not hearsay. A statement is not hearsay if:
(1) Prior statement by witness. The declar-ant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
(c) One of identification of a person made after perceiving the person).]

. D.W. was not identified in the photographic lineups because Detective Hunt did not have a photograph of D.W. at the time.

. See State v. Davis, 05-987 (La.App. 5 Cir. 5/9/06); 930 So.2d 1099. In that case, this Court stated that it could not conclude beyond a reasonable doubt that the erroneously admitted evidence could not have affected the jury’s verdict or that the verdict was surely *1075 unattributable to the error. Therefore, this Court found that the errors were not harmless and that reversal of the conviction, vacation of the sentence and remand for retrial was mandated. Id., 05-987 at 16, 930 So.2d at 1108.