GARRETT, J.,
concurring in part and dissenting in part.
|,1 respectfully concur in those portions of the majority opinion finding that the defendant’s sentence for aggravated second degree battery is not excessive and that the trial court did not err in allowing the prosecution to treat the victim as a hostile witness. I also concur in that portion of the decision affirming the defendant’s conviction for aggravated second degree battery, although for reasons slightly different from those set forth in the majority opinion. I respectfully dissent from that portion of the majority decision reversing the defendant’s conviction and sentence for false imprisonment.
In the opinion, the majority cites La. C.E. art. 607(D)(2) and State v. Givens, supra; State v. Cousin, supra; State v. Jones, supra; and State v. Allien, supra, for the proposition that prior inconsistent statements may be used to impeach the witness on the issue of credibility, but such statements, even when unobjected to, do not constitute substantive evidence of guilt. The majority then correctly notes that the law regarding prior inconsistent statement was changed in 2004 with a revision to La. C.E. art. 801(D)(1)(a). Prior inconsistent statements are not hearsay if there exists any evidence to corroborate the matter presented by the prior inconsistent statement. In State v. Rankin, 42,412 (La.App.2d Cir.9/19/07), 965 So.2d 946, writ denied, 2007-2067 (La.3/7/08), 977 So.2d 897, this court stated as follows:
Previously, this court recognized that when a nonparty witness’s credibility was attacked through prior inconsistent statements incriminating the accused, the evidence was generally not admissible for its assertive value as substantive evidence of guilt. State v. Jones, 41,299 (La.App.2d Cir.11/9/06), 942 So.2d 1215, citing La. C.E. art. 607(D); State v. Owunta, 1999-1569 (La.5/26/00), 761 So.2d 528; and State v. Cousin, supra. ... Acts 2004, No. 694, § 1, however, amended La. C.E. art. 801(D)(1)(a), which now provides:
D. Statements which are not hearsay. A statement is not hearsay if:
(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
(a) In a criminal case, inconsistent with his testimony, provided that the proponent has first fairly directed the witness’ attention to the statement and the witness has been given the opportunity to admit the fact and where there exists any additional evidence to corroborate the matter asserted by the prior inconsistent statement; ...
Therefore, while prior inconsistent statements can be used to attack credibility under La. C.E. art. 607(D)(2), pursuant to the 2004 revision to La. C.E. art. 801(D)(1)(a), such nonhearsay statements are also admissible for their assertive value. 1 George W. Pugh et al., Handbook on Louisiana Evidence Law, pp. 484, authors’ note no. 9 to La. C.E. art. 607 and pp. 560-561, authors’ note 3 to La. C.E. art. 801 (2007). This change in the law appears to have been partially intended to address cases of domestic violence (such as this one), which are *515 among the most fertile grounds for non-cooperative nonparty witnesses.
See also State v. Updite, 47,007 (La.App.2d Cir.2/29/12), 87 So.3d 257; State v. Harper, 2007-0299 (La.App. 1st Cir.9/5/07), 970 So.2d 592, writ denied, 2007-1921 (La.2/15/08), 976 So.2d 173; State ex rel. D.W., 09-855 (La.App.5th Cir.9/14/10), 47 So.3d 1048.
In affirming the conviction for aggravated second degree battery, the majority notes that the trial court was presented with the conflicting evidence of the law enforcement officers and the victim. The victim recanted her statements made on the night of the incident that the defendant inflicted the battery upon her. The majority states that there was sufficient evidence to support the conclusion that the defendant committed a battery on the victim without the necessity of relying on the prior inconsistent statement made by the victim. This evidence included the blood found in the house and on the victim’s clothing, the bent metal broom handle, the stick with the nail in it, the victim’s injuries, and the observations of the officers responding to the 911 call in this matter. While I agree that there is ample evidence that the defendant committed aggravated second degree battery upon the victim, because of this corroborating evidence, the victim’s prior inconsistent statements were admissible for their assertive value. In affirming the defendant’s conviction for this offense, this fact should have been recognized by the majority.
Further, regarding its decision to reverse the defendant’s conviction for false imprisonment, the majority found that there was no other substantive evidence introduced at trial to show that the defendant committed the crime of false imprisonment. Under the facts of this case and the provisions of La. C.E. art. 801(D)(1)(a) discussed above, there was sufficient evidence to corroborate the victim’s prior statements to law enforcement officers that the defendant would not allow her access to the |4phone to call for help and that he held her against her will, making her prior inconsistent statements admissible for their assertive value. One of the weapons used by the defendant to inflict injuries on the victim was a wooden stick with a nail in it. At trial, Officer Anderson testified that the victim stated that the stick came from the back door and was used to lock the door. A piece of the board was found beside the door and another piece was found under the table in the kitchen. The defendant testified that he snatched the piece of wood off the back door that was used to keep it locked and ran out of the house. However, this piece of wood with a nail in it was used to beat the victim as was evidenced by the blood on it. These facts indicate there was a struggle between the victim and the defendant involving the board used to lock the back door. Further, the victim stated that the defendant would not let her call 911 and that she called out to her children to make the call. At trial, the victim admitted that the children called 911. The severity of the injuries was consistent with the victim being held against her will. The defendant’s flight from the house before law enforcement officers arrived, the defendant’s actions in writing an inculpato-ry letter to the prosecution attempting to excuse his actions, and the consistency of the victim’s statements immediately after the offense that she was held against her will further corroborate the victim’s statements and constitute sufficient evidence to support the conviction for false imprisonment. Therefore, I would affirm the defendant’s conviction and sentence for false imprisonment.