# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CT-00059-SCT

*KENIVEL SMITH*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/17/2006 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 11/05/2009. |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. Kenivel Smith was convicted of aggravated assault and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections for the shooting of Andre Davis. At trial, Davis testified to a version of events different from that which he had first related to law enforcement officials, refusing to identify Smith as the shooter. During direct

examination of Davis, the State introduced Davis's written and recorded statements made to law enforcement shortly after the shooting, in which he had identified Smith as the shooter. The trial court allowed the statements as substantive evidence pursuant to Mississippi Rule of Evidence 804(b)(5). On appeal, the Court of Appeals reversed the circuit court, finding that the introduction of Davis's statements violated both the Confrontation Clause of the United States Constitution and the Mississippi Rules of Evidence. The State filed a petition for writ of certiorari, which we granted.

**FACTS AND PROCEDURAL HISTORY**

¶2.     The following facts are taken from the opinion of the Court of Appeals:

Shortly before midnight on December 28, 2004, Andre Davis was shot in the upper thigh after returning to his home in Tunica, Mississippi. Davis was treated at the local hospital that night and discharged to return home at approximately 3:00 a.m. the next morning. At approximately 9:00 a.m., Davis provided a brief written statement and a detailed audiotaped statement to Investigator Harold Harris of the Tunica County Sheriff's Department. In his written and audiotaped statements, Davis adamantly indicated that Smith shot him.

In his audiotaped statement, Davis explained that on the previous day he went hunting with several friends. According to Davis, while he was hunting, Smith went to Davis's house and threatened Davis's wife. Davis went on to state that after he returned home, Smith called him and accused him of stealing drugs that Smith hid in the area where Davis and his friends had been hunting rabbits. Smith told Davis that he wanted to meet to discuss the matter further. Davis complied and went to John Henry Wilson's house. Wilson is Smith's father. Additionally, Wilson's home is across the street from Davis's.

According to Davis's audiotaped statement, Davis and Smith discussed the matter on Wilson's porch. Davis reaffirmed that he did not know anything about any missing drugs. According to Davis, at that moment Smith opened the door and fired four shots at him. Davis reported that he ran back to his residence, while Smith continued to fire at him. When asked if he had seen the

2

person who had shot him, Davis responded, "[y]es. I was face to face, like me and you are right now." Authorities recovered nine shell casings in the street that were fired from a nine-millimeter pistol.

*Smith v. State*, 2008 WL 4482521, ¶¶ 3-5 (Miss. Ct. App. Oct. 7, 2008).

¶3.     Smith was indicted and tried for the aggravated assault of Davis by use of a firearm. At trial, the State presented three witnesses: Deputy Katie Johnson, the first officer to arrive at the scene; the victim, Andre Davis; and Detective Harold Harris, who conducted the investigation and took statements from Davis.

¶4.     Davis testified that he had been rabbit hunting on the evening of December 29, and after he returned home, he heard shots and ran into his house.[1] He testified that the shots came from across the street. Davis further stated that he was unaware that he had been shot until his nephew told him that he was bleeding. Davis also testified that he did not see Kenivel Smith on the day of the shooting. Prosecutors then questioned Davis about a written statement he had given to law enforcement officers the day after he was shot. Davis testified that he had given a written statement, but could not recall what he had said in the statement. The prosecution then produced Davis's written statement to refresh his memory. Davis confirmed that the written statement was, in fact, his statement, and that he had told law enforcement that Smith had shot him "about some drugs." Davis, however, stated that his memory of the incident had not been refreshed, even after reviewing the written statement.

---

[1] For a thorough recitation of Davis's extensive testimony, see the opinion of the Court of Appeals. *Smith v. State*, 2008 WL 4482521 (Miss. Ct. App. Oct. 7, 2008).

¶5.    Smith's counsel objected to the introduction of Davis's prior unsworn statements, arguing that admission of Davis's prior statements would violate Smith's constitutional right to confront witnesses against him.  The trial court overruled the objection and allowed both Davis's written statement as well as the audiotaped statement into evidence.  The trial court found Davis to be "unavailable" due to "a lack of memory after reviewing the statement," pursuant to Mississippi Rule of Evidence 804(a)(3),[2] and allowed the statements into evidence under Mississippi Rule of Evidence 804(b)(5).[3]  The trial court also allowed a transcript of the audiotaped statement to be marked for identification and shown to the jury while the tape was played.

¶6.    During direct examination, Davis clearly contradicted his previous statements, testifying that the shots he had heard came from across the street as he stood in his own

---

[2]Mississippi Rule of Evidence 804(a)(3) provides that "'[u]navailability as a witness' includes situations in which the declarant testifies to a lack of memory of the subject matter of his statement."  Miss. R. Evid. 804(a)(3).

[3]Mississippi Rule of Evidence 804(b) allows certain statements into evidence that otherwise would be excluded by the hearsay rule, if the declarant is unavailable as a witness.  Mississippi Rule of Evidence 804(b)(5) provides:

> (5) *Other exceptions*.  A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence . . . .

Miss. R. Evid. 804(b)(5).

yard. Davis further testified that he did not see the shooter and that he had identified Smith only because his nephew had told him that Smith was the shooter. During later cross-examination, Davis testified that his prior statements to law enforcement officers had been false.

¶7. Detective Harold Harris testified that he had arrived at the scene of the shooting and had taken over the investigation. Detective Harris stated that bullet casings were found in the street in a random pattern, indicating that the shooter was walking and shooting. Detective Harris further testified that he had met with Davis the next day and had taken a written and an audiotaped statement from Davis. Detective Harris stated that Davis identified Smith as the shooter in the statements. During cross-examination of Harris, Smith's counsel offered Detective Harris's report into evidence. The report stated, among other information, that Detective Harris "went and interviewed the victim (Andre Davis), and he told me that Kenivel Smith shot him over some DOPE."

¶8. Smith was found guilty of aggravated assault and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. On appeal, the Court of Appeals reversed and remanded for a new trial, finding that the circuit court erred when it allowed the prosecution to admit Davis's prior inconsistent statements into evidence. *Id.*

¶9. The Court of Appeals first found that Davis's statements were testimonial hearsay, as contemplated by *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), and as such, the statements were admissible only if Davis was unavailable and Smith had had a prior opportunity to cross-examine him. *Smith*, 2008 WL 4482521, at ¶¶

5

52, 68. Further, the Court of Appeals found that, while the statements would have been admissible for impeachment purposes, it was error to allow the statements as substantive evidence under Mississippi Rule of Evidence 804(b)(5). The Court of Appeals concluded:

> It is undisputed that Smith did not have an opportunity to cross-examine Davis when Davis provided his statements. That Smith had an opportunity to cross-examine Davis at trial does not necessarily cure the constitutional confrontation problem. While the distinction may appear slight, the "Davis" who testified at Smith's trial was no longer the accusing witness against Smith. Smith's true accusing witness was the "Davis" of December 29, 2004. Therefore, Smith was unable to confront his accuser, and the damage had already been done . . . .
>
> Having found that the circuit court erred when it allowed the prosecution to submit Davis's prior statements in violation of Smith's confrontation rights, that Davis's prior statement was not admissible pursuant to any exception to the hearsay rule, and that the error was prejudicial to Smith and not harmless error, it is clear that Smith is entitled to a new trial. Under the facts presented in the record before us, admittance of Davis's out-of-court statement was at worst a violation of Smith's constitutional right to confront his *accuser* and, at best, a violation of the Mississippi Rules of Evidence as the statement constituted inadmissible hearsay. We are required to reverse the judgment of the circuit court and remand this matter for a new trial consistent with this opinion.

*Id.* at ¶¶ 24, 32.

¶10. From the decision of the Court of Appeals, this Court granted writ of certiorari.

## STANDARD OF REVIEW

¶11. This Court employs a de novo standard of review when presented with constitutional issues. *Hayden v. State*, 972 So. 2d 525, 536 (Miss. 2007). Our standard of review regarding admission or exclusion of evidence is abuse of discretion. *Brown v. State*, 965 So. 2d 1023, 1026 (Miss. 2007).

6

**ANALYSIS**

¶12.   The question presented is whether the trial court erred in admitting Davis's prior unsworn statements into evidence as substantive proof of Smith's guilt. Answering this question requires an analysis of the Confrontation Clause of the United States Constitution, as well as an analysis of several distinct, but applicable, rules of evidence.

**I. Is the introduction of Davis's prior unsworn statement prohibited by *Crawford* when Davis testified at trial and was subject to cross-examination?**

¶13.   Relying on ***Crawford v. Washington***, the Court of Appeals found that the introduction of Davis's statements violated Smith's Sixth Amendment right to confront his accuser. The Court of Appeals reasoned that, although Davis testified at trial and was subject to cross-examination, "the 'Davis' who testified at Smith's trial was no longer the accusing witness against Smith." ***Smith***, 2008 WL 4482521, at ¶ 24. The Court of Appeals instead found that "Smith's true accusing witness was the 'Davis' of December 29, 2004." ***Id.*** According to the Court of Appeals, Smith must have been provided with an opportunity to cross-examine Davis at the time the statements were given in order for the statements to be admissible under ***Crawford***. Because Smith had no such opportunity, the Court of Appeals found that admission of the statements violated Smith's constitutional right to confront his accuser. ***Smith,*** 2008 WL 4482521*,* at ¶ 26. We find this reasoning to be flawed.

¶14.    In ***Crawford*** , the U.S. Supreme Court set forth guidelines for the admission of a prior testimonial statement of a witness who does not testify at trial. ***Crawford***, 541 U.S.

7

at 68. Pertinent to today's analysis, *Crawford* clearly provided that "[w]hen the declarant appears for cross-examination at trial, the Confrontation Clause places *no constraints at all* on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 (emphasis added). In other words, the analysis of whether prior testimonial statements must be excluded under the *Crawford* rule is necessary only when a witness does not appear for cross-examination at trial.

¶15.   The Court of Appeals further found that Davis was not subject to cross-examination at trial because he was deemed unavailable to testify as a witness due to a lack of memory of the subject matter of his statement. *Smith,* 2008 WL 4482521*,* at ¶ 24. The U.S. Supreme Court has addressed the distinction between unavailability for confrontation purposes and unavailability for hearsay purposes, holding that whether a witness is deemed "unavailable to testify due to memory loss" has no bearing on whether that witness should be regarded as "subject to cross-examination" on the witness stand. *U.S. v. Owens*, 484 U.S. 554, 562, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988). In *Owens*, a prison guard was attacked and beaten, resulting in a fractured skull and severely impaired memory. *Id.* at 556. At some point after the attack, he was able to identify his attacker to investigators. *Id.* However, at trial, he was unable to remember the identity of his assailant. *Id.* The Supreme Court found that his statement of identification was properly admitted pursuant to Rule 801 (d)(1)(C) of the Federal Rules of Evidence.[4] *Id.* at 564.

---

[4]Federal Rule of Evidence 801(d)(1)(C) is identical to Mississippi Rule of Evidence 801(d)(1)(C), and provides that "A statement is not hearsay if the declarant testifies at the

¶16. The Supreme Court explained that "[o]rdinarily, a witness is regarded as 'subject to cross-examination' when he is placed on the stand, under oath, and responds willingly to questions." *Id.* at 561. The Court continued:

> "[T]he Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" . . . that opportunity is not denied when a witness testifies as to his current belief but is unable to recollect the reason for that belief. It is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias, his lack of care and attentiveness, his poor eyesight, and even . . . the very fact that he has a bad memory. If the ability to inquire into these matters suffices to establish the constitutionally requisite opportunity for cross-examination when a witness testifies as to his current belief, the basis for which he cannot recall, we see no reason why it should not suffice when the witness' past belief is introduced and he is unable to recollect the reason for that past belief. . . . The weapons available to impugn the witness' statement when memory loss is asserted will of course not always achieve success, but successful cross-examination is not the constitutional guarantee.

*Id.* at 559 (quoting ***Kentucky v. Stincer***, 482 U.S. 730, 739, 107 S. Ct. 2658, 2664, 96 L. Ed. 2d 631 (1987)).

¶17. The rule set forth by the Supreme Court in ***Crawford*** neither conflicts with nor abrogates its earlier holding in ***Owens***. ***Crawford*** considered the admissibility of a prior statement made by a declarant who was *absent from trial*, while ***Owens*** considered the admissibility of a prior statement made by a declarant *testifying at trial*. ***Crawford***, 541 U.S. at 68; ***Owens***, 484 U.S. at 556.

---

trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving the person." Fed. R. Evid. 801(d)(1)(C).

¶18. In the instant case, Davis's appearance on the witness stand at trial provided Smith with the opportunity to confront and cross-examine him, which is all that is required by the Confrontation Clause and *Crawford*. *Crawford*, 541 U.S. at 68. We find that Smith's Sixth Amendment right to confront his accuser, therefore, was not violated by the admission of Davis's statements, and that the Court of Appeals erred in so finding.

**II. Were Davis's prior inconsistent statements properly admitted as substantive evidence of Smith's guilt?**

¶19. The trial court admitted Davis's prior, unsworn, out-of-court statements to be used as substantive evidence of Smith's guilt under Rule 804(b)(5). In fact, Davis's prior statements to investigators were the only evidence which identified Smith as Davis's assailant. Mississippi Rule of Evidence 804(b)(5) is a broad exception, allowing hearsay statements where the declarant is found to be unavailable as a witness. The court found Davis to be unavailable as a witness due to a lack of memory pursuant to Rule 804(a)(3), which provides that "unavailability as a witness includes situations in which the declarant testifies to a lack of memory of *the subject matter* of the statement." Miss. R. Evid. 804(a)(3) (emphasis added).

¶20. Davis initially testified that he had given a written statement but could not remember what he had said in the statement. The State then presented Davis with his written statement to refresh his memory. Although he initially testified that his memory was not refreshed, Davis then testified that the statement was, in fact, his, and that he had told the police that Smith had shot him "about some drugs." Davis further testified that the statement that

10

Smith had shot him was based solely on information Davis had received from his nephew, not from what Davis had observed.

¶21. From a review of the record, it is clear that, while Davis first indicated that he did not remember what he told investigators, Davis never indicated a lack of memory as to what happened on the day of the shooting. To the contrary, Davis testified to a different version of events at trial than that which he had provided in his statements to law enforcement officials. In his prior statements, Davis unequivocally stated that he had seen Smith shoot him. At trial, Davis testified that he did not see Smith that day and did not see who shot him. The State sought to introduce these prior statements, not because Davis had no memory of the events, but because Davis had changed his story. We conclude that the trial court erred in finding that Davis was unavailable as a witness due to memory loss, and we see no reason to further analyze the requirements for admission under Rule 804(b)(5), including trustworthiness and notice. To allow the introduction of these prior inconsistent statements of Davis under Rule 804(b)(5) would allow the exception to swallow the rule.

¶22. Our precedent is clear that, while a prior inconsistent statement of a testifying witness can be used to impeach the witness's credibility, it is not admissible as substantive evidence of the defendant's guilt. In *Magee v. Magee,* 320 So. 2d 779 (Miss. 1975), we said that the introduction of a prior inconsistent statement "does not mean that the out-of-court statement became evidence on its merits or had any probative value . . . . The rule seems to be universal that the impeaching testimony does not establish or in any way tend to establish the truth of the matters contained in the out-of-court contradictory statements." *Id.* at 783.

Furthermore, this Court has ruled that "evidence of extra judicial statements made by a witness who is not a party and whose declarations are not binding as admissions is admissible *only to impeach* or discredit the witness and *is not competent as substantive evidence* of the facts to which such statements relate . . . ." **Hall v. State**, 165 So. 2d 345, 350 (Miss. 1964) (emphasis added). *See also* **Brown v. State**, 556 So. 2d 338 (Miss. 1990) (finding that a witness's prior inconsistent statements regarding the defendant's admission of guilt were admissible for impeachment purposes only); *Moffett*, 456 So. 2d 714 (Miss. 1984) (holding that in a capital murder case, the prior, inconsistent, unsworn, out-of-court statement used to impeach the State's own witness was not admissible as substantive evidence); **Davis v. State**, 431 So. 2d 468 (Miss. 1983) (holding that evidence of extrajudicial statements by a nonparty witness was admissible only for impeachment purposes); **Sims v. State**, 313 So. 2d 388 (Miss. 1975) (finding that a recanting witness's statement that a defendant made incriminating statements was admissible only for impeachment purposes). While Davis's prior inconsistent statements would have been admissible for impeachment purposes, we find that it was error to admit them as substantive evidence under Rule 804(b)(5).

¶23. The next question is whether the statements were otherwise admissible under our rules of evidence.

¶24. In 1977, before adopting our rules of evidence, this Court held that when the principal witness's identification testimony is impeached, "independent evidence of the identification may be introduced through third persons present at the out-of-court

12

identification." ***Fells v. State***, 345 So. 2d 618, 622 (Miss. 1977). This Court allowed the evidence for substantive purposes "because such evidence not only has greater probative force and thus preserves the better evidence, but also because the witness testifying is in court and is subject to cross-examination." ***Id.*** This Court has more recently noted that, regardless of whether the witness has been impeached, the Mississippi Rules of Evidence, adopted in 1986, "provide that such identification evidence is not hearsay and is admissible as substantive material." ***Livingston v. State***, 519 So. 2d 1218, 1221 (Miss. 1988). Indeed, Mississippi Rule of Evidence 801(d)(1)(C) provides that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving the person." Miss. R. Evid. 801(d)(1)(C). Our comment to the rule further explains its applicability and scope:

> Rule 801(d)(1)(C), which declares that prior statements of identification made by a witness are not hearsay, is not a departure from pre-rule practice. The Court in ***Fells v. State***, 345 So. 2d 618 (Miss. 1977), departed from the traditional view that such statements were hearsay by adopting what was then the minority view that statements of identification could be admitted as substantive evidence of that identification. The scope of the rule is broader than the ***Fells*** holding in that: (1) there is no need for a prior attempt to impeach the witness for the identifying statement to be admissible; (2) the testimony about the prior statement may be from the witness who made it or another person who heard it; (3) the witness who made the statement need not make an in-court identification; and (4) the statement may have been made either in or apart from an investigative procedure . . . .

Miss. R. Evid. 801(d)(1)(C).

13

¶25. Davis testified at Smith's trial and was exhaustively subjected to cross-examination concerning the statements, as discussed *supra*. In his statements given during police investigation, Davis unequivocally identified Smith as the shooter. Davis gave his statements on December 29, 2004, the day after Davis perceived the man who had shot him. We find that these statements identifying the assailant would have been admissible as statements of identification pursuant to Mississippi Rule of Evidence 801(d)(1)(C). We recognize that the admitted statements contain more than a mere identification of the shooter, including statements regarding drugs as a possible motive for the shooting and threats made to Davis's girlfriend.[5] These portions of the statements should not have been admitted under Rule 801(d)(1)(C), as they were not statements of identification. However, "[t]he mere fact that the trial court committed error in an evidentiary ruling does not by itself warrant a reversal by this Court. **Peterson v. State**, 671 So. 2d 647, 656 (Miss. 1996). "The trial court's error must have affected a substantial right of the defendant." **Id.** In making such a determination, we review "the evidence presented in the record as a whole." **Id.**

¶26. After reviewing the trial testimony and comparing it to the audiotaped and written statements introduced into evidence, we find that the bulk of the information contained in the statements was cumulative to Davis's testimony. Further, before introduction of the

---

[5]Davis's written statement was that "Mr. Smith shot me last night about some drugs I supposed had found." In his audiotaped statement, Davis stated that Smith told him that Smith had hidden some drugs in the area Davis had been hunting and believed Davis to be the thief. Davis further detailed how, earlier that day, Smith had confronted Davis's girlfriend about the missing drugs.

14

statements into evidence, Davis testified without objection that he told police investigators "Mr. Smith shot me up last night about some drugs." We also note that Detective Harris, who recorded Smith's statements, testified without objection that Davis had identified Smith as the shooter. In addition, Detective Harris's report, admitted into evidence as **defense exhibit D-1**, stated that Davis "told me that Kenivel Smith shot him over some DOPE." Upon consideration of "the record as a whole," we find that the admission into evidence of those portions of Davis's statements that contained information other than identification of the shooter was harmless and does not warrant reversal of the trial court.

¶27. The only contested issue in this case was the identity of the shooter. We already have found that the statements made by Davis to law enforcement officers on December 27 identifying Smith as the shooter were properly admitted under Rule 801(d)(1)(C). Such statements are not deemed to be hearsay and are admissible for substantive purposes. Therefore, we find that the record contained sufficient evidence to support the jury's verdict.

## CONCLUSION

¶28. Although Davis's statements were not admissible for substantive purposes under Mississippi Rule of Evidence 804(b)(5) or as prior inconsistent statements, we find that they were admissible as statements of identification under Mississippi Rule of Evidence 801(d)(1)(C). "On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result." *Puckett v. Stuckey*, 633 So. 2d 978, 980 (Miss. 1993) (citing *Stewart v. Walls*, 534 So. 2d 1033, 1035 (Miss. 1988)). Ultimately, we conclude, as did the dissent in the Court of Appeals, that

15

while "Smith did not receive a perfect trial," he did in fact receive a "fair trial." The

judgment of the Court of Appeals is reversed, and the judgment of the Circuit Court of

Tunica County is reinstated and affirmed, for the reasons set forth in this opinion.

¶29.   **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.   CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. THE SENTENCE IMPOSED IN THIS CAUSE SHALL BE SERVED CONSECUTIVELY WITH THE SENTENCES IMPOSED IN TUNICA CIRCUIT CAUSE NUMBERS 2005-0018 AND 2005-0019.**

**WALLER, C.J., CARLSON,  P.J., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**