CARLTON, J.,
dissenting:
¶ 40. I would affirm the conviction and the judgment of the trial court in this case; thus, I respectfully dissent from the decision of the majority. An abuse-of-diseretion standard of review applies to our review of a trial court’s decision to admit or exclude evidence, including the decision to admit a prior inconsistent statement to impeach a witness. See M.R.E. 607.[3] Additionally, if appellate review discerns any error, then the harmless-error analysis should be applied to the review of the totality of the evidence.[4] In this case, I respectfully submit that the record supports the decision of the trial judge as to the admission of the prior inconsistent statements at issue as impeachment evidence, and I submit further that the record reflects no abuse of discretion, particularly in light of the limiting instruction to the jury and findings by the trial judge.[5]
¶41. Upon my review, the record shows no abuse of discretion or error in this case since James provides no showing of an improper purpose by the State in seeking to admit the inconsistent impeaching statements. An improper purpose cannot be inferred without supporting evidence. The record displays the reluctance of the witnesses to attend the trial against James. The trial judge determined the witnesses provided testimony differing from their pretrial statements, with no notice to the State that they would be changing their prior statements to law enforcement. The trial court also gave a limiting instruction to the jury as to how to consider the impeaching prior inconsistent statements. The trial court followed the case law and the rules of evidence in admitting the prior inconsistent statements of Zach and Samantha as impeachment evidence. See M.R.E. 607; Bush v. State, 667 So.2d 26, 28 (Miss.1996).
¶ 42. As stated, James fails to show an intended purpose of subterfuge by the *706 State in offering the impeaching prior inconsistent statements.[6] Our appellate standard of review prevents us from rendering the factual finding of an improper purpose of subterfuge with no evidence of such. The record shows an evidentiary basis for the trial court’s factual findings determining the admission of these prior inconsistent statements for the purpose of impeachment as proper. The mere admission of a prior inconsistent impeaching statement, inculpating the defendant, fails to alone constitute evidence of an improper purpose.[7] The case law and rules of evidence both allow the State to use prior inconsistent statements to impeach prosecution witnesses, even though the inconsistent prior statements directly inculpate the defendant. M.R.E. 607 & 613; see Wells v. State, 849 So.2d 1281, 1235-36 (¶ 8) (Miss.2003) (impeachment of uncooperative witness with prior inconsistent statement); Harrison v. State, 534 So.2d 175, 179 (Miss.1988);[8] Bush, 667 So.2d at 28 (prior inconsistent statement inculpating defendant properly used to impeach uncooperative witness feigning memory loss). Here, the record and the law supports the admission of the prior inconsistent statements in dispute as impeachment evidence. Also, the record and the trial judge’s findings reflect the witnesses were reluctant to attend trial, and the witnesses testified at trial in conflict with their pretrial statements, with no prior notice to the State of changing their prior statements to law enforcement.
¶ 43. Precedent allows unwilling witnesses to be impeached with their prior inconsistent statements with no refuge in perjury. As acknowledged, the record shows that these witnesses at issue were closely related to James and Ivory, who was so severely burned that she died. Zach is James’s brother, and Samantha is Zach’s girlfriend. They both lived with Ivory, Zach and James’s great aunt. The record shows that James threatened Ivory over the food she fed his dog. The record further shows Ivory feared James and his threats, and indicates that Zach and Samantha knew James had threatened Ivory and knew Ivory feared James. Zach and Samantha also saw the burns Ivory received.
¶ 44. Nothing in the record shows Zach and Samantha notified the State before trial of a change to their prior statements to law enforcement, and the State cannot be expected to know that a witness is willing to commit perjury. Without evidence of such, we cannot on appeal assume that the trial court’s findings reflecting the *707 reluctance of Zach and Samantha to attend the trial meant a change in their prior statements to law enforcement. Reluctance to attend trial to testify against a relative, or other person with whom the witness has a close relationship, does not impute some knowledge to the State that the witness will commit perjury or change his or her testimony during trial, particularly here where the witnesses were also close to Ivory. The State takes its witnesses as it finds them with respect to their knowledge and relationship to the charged offenses and the parties. Zach and Samantha initially cooperated with law enforcement after Ivory was burned, and no indication in the record points toward Zach or Samantha as suspects in this case. No evidence indicated that they would later change their prior statements to law enforcement during trial, even though they may have been fearful and reluctant witnesses.[9]
¶45. As discussed, the trial judge’s findings show the reluctance of the witnesses to appear at trial. The trial court’s findings reflect that the court feared from the difficulty in securing attendance of these witnesses that they may change their version of the events. However, the trial court found that nothing established that the State knew the witnesses would change their stories. Reluctance to attend the trial is not alone evidence that witnesses will perjure themselves. See Wharton v. State, 784 So.2d 985, 986-87 (¶ 7) (Miss.1998) (acknowledging that the language of Wilkins v. State, 603 So.2d 309 (Miss.1992), was in the disjunctive and that a sufficient predicate is shown by unexpected hostility or surprise; no requirement exists to mechanically show only surprise). Here, the record reflects a sufficient predicate for the admission of the prior inconsistent statements to impeach when considering the trial judge’s factual finding of reluctance to attend trial; the witnesses’ hostility during trial; and the conflicting trial testimony.[10] The findings of the judge refute James’s bare assertion of subterfuge for an improper purpose by the State, and James provides no indication or showing of an improper purpose by the State. Our jurisprudence allows the State to admit prior inconsistent statements to impeach its witnesses who changed their statements at trial out of fear or feigned memory loss.[11]
¶46. There are also other permissible purposes for the admission and use of the prior inconsistent statements at issue. Zach had provided a prior statement, inconsistent with his testimony at trial, that identified James as the attacker and asserted that James had been seen outside the house immediately after the attack. Such a statement constitutes a prior identification, and since Zach testified at trial subject to cross-examination, such a statement fails to constitute hearsay. M.R.E. 801(d)(1)(C).
¶47. The Mississippi Supreme Court has also recognized another purpose, distinct from impeachment, for admission of a prior inconsistent statement. In Smith v. State, 25 So.3d 264, 272 (¶¶ 22-23) (Miss.2009), after determining that the admission of evidence under one particular evidentia-ry rule constituted error, the supreme court evaluated other proper bases for admission under the rules before determining error. The supreme court reversed *708 this Court’s decision and affirmed that of the trial court, focusing not on the impeachment use of prior inconsistent statements, but instead on the admission of a prior identification. Id. at 271-274 (¶¶ 19-28). As acknowledged, the supreme court in Smith recognized that the trial court erred in admitting a prior inconsistent statement into evidence as substantive evidence of guilt via Mississippi Rule of Evidence 804(b)(5), after declaring the witness unavailable due to a lack of memory. Smith, 25 So.3d at 271-72 (¶¶ 19-22). The supreme court found the prior unsworn inconsistent statement directly inculpated the defendant by identifying him as the perpetrator, and the supreme court held that the trial court erred in finding the witness unavailable on the subject matter of the statement.[12] Id. at 271 (¶21). However, the court did not stop with its review upon that determination.
¶ 48. The Smith court continued to evaluate whether the statement at issue was admissible under the rules upon another basis is for admissibility. Id. at 272 (¶ 23). The court found that regardless of whether the witness was impeached, the prior statements ■ of the witness testifying at trial, subject to cross-examination, were admissible under Rule 801(d)(1)(C) as pri- or identification testimony. Id. at 273 (¶25). The witness previously had unequivocally identified the defendant as the shooter, but at trial, claimed that he did not see the defendant during the day of the shooting. Id. The court recognized that the witness’s prior statements to investigators contained more than just the prior identification; these statements referred to motive, threats, and drugs. Id. The court continued to explain that “the mere fact that the trial court committed error in an evidentiary ruling does not by itself warrant a reversal,” and explained that the evidence as a whole must be evaluated. Id. Finding other evidence in the record supporting the finding of guilt, the supreme court then held any error in admitting statements beyond those identifying the defendant to be harmless. Id. at (¶ 26). The Smith court also provided that the admission of statements going beyond mere identification, relating to motive and threats, was harmless error. Id.; see also Anderson v. State, 811 So.2d 410, 413 (¶ 11) (Miss.Ct.App.2001) (State possesses “legitimate interest” in presenting rational and coherent complete picture of the crime, even though other crimes may be revealed or suggested); Magness v. State, 106 Miss. 195, 195, 63 So. 352, 353 (1913) (sufficient to show unwilling witness will not confirm or deny prior statement to impeach unwilling witness with prior inconsistent statement).
¶ 49. In this case, I respectfully submit that the trial court followed the rules of evidence in allowing impeachment of the witnesses’ .credibility via their own prior inconsistent statements as allowed under Rule 607. The record also shows that the trial court followed precedent in providing a limiting' instruction. The trial court’s finding that the prior inconsistent statements constituted proper impeachment of the witnesses, who were closely related to Ivory and James, shows no subterfuge by the State. The prior inconsistent statements were also admissible under our evi-dentiary rules for other proper purposes such as prior identification. I submit, therefore, that upon considering the record and evidence as a whole, the trial court committed no abuse of discretion in admitting the impeaching statements. The record shows no indication of subterfuge, and the trial court’s findings contradict James’s bare assertions of subterfuge. I *709 therefore respectfully dissent, and would affirm the trial court’s judgment.
IRVING, P.J., JOINS THIS OPINION.

. The comment to Rule 607 explains that Rule 607 repudiates the old voucher rule. See John Strong, McCormick on Evidence § 38, at 142 (5th ed.1999) (inflexible insistence on showing surprise and affirmative damage before the government can impeach its witness would mean a return to the unsatisfactory mechanical approach that helped lead to the adoption of Rule 607); Joseph M. McLaughlin, Weinstein's Federal Evidence, § 607.02[2][c] (2d ed.1997) (the balancing test of Rule 403 now applies and is more flexible); see also M.R.E. 613.

. See Smith v. State, 25 So.3d 264, 273 (¶ 25) (Miss.2009). In Smith, the supreme court provided that the mere fact that trial court committed error does not alone mean that such error constituted reversible error. The Smith court found that the trial court admitted evidence improperly under a particular rule of evidence. Id. at 272 (¶ 22). The court then reviewed the record to determine if the evidence was admissible under another rule of evidence. Id. at (¶ 23).

. See Morgan v. State, 818 So.2d 1163, 1171-72 (¶ 17) (Miss.2002) (allowing admission of inconsistent statement to impeach State witness); Wharton v. State, 734 So.2d 985, 986-87 (¶ 7) (Miss.1998) (acknowledging that the language of Wilkins v. State, 603 So.2d 309 (Miss.1992), is disjunctive and that a showing of surprise or unexpected hostility would suffice; the court did not mechanically require only a showing of surprise); see also United States v. Hogan, 763 F.2d 697, 702 (5th Cir.1985) (opinion withdrawn in part by United States v. Hogan, 771 F.2d 82, 83 (5th Cir.1985)) (prior inconsistent statement may be used to impeach government’s own witness even if the impeachment evidence directly inculpates the defendant).

. The supreme court has not found subterfuge or abuse of discretion where the trial judge provided findings that witness was hostile, aligned with an adverse party, or feigned memory loss. Harrison v. State, 534 So.2d 175, 179-80 (Miss.1988).

. Franklin v. State, 72 So.3d 1129, 1138 (¶ 40) (Miss.Ct.App.2011); Lafayette v. State, 90 So.3d 1246, 1256 (¶¶ 23-24) (Miss.Ct.App.2011) (reversed on other grounds); Bailey v. State, 956 So.2d 1016, 1025 (¶ 25) (Miss.Ct.App.2007) (abuse-of-discretion standard of review applicable to admission or exclusion of evidence); Quinn v. State, 873 So.2d 1033, 1039 (¶ 26) (Miss.Ct.App.2003).

.In Harrison, 534 So.2d at 179, the supreme court held that prior inconsistent statements used for the purpose of showing unreliability to impeach the credibility of a witness may be used by any party, including the party calling the witness, to attack the credibility of a witness. The court explained that the State may impeach the credibility of its own witnesses. Id. at 179-80. Additionally, the prior inconsistent statement can be used to impeach even if the statement also directly inculpates the defendant. Id. at 178. The court provided that it is proper for the trial court to give the jury a limiting instruction as to consideration of the prior inconsistent statement for impeachment purposes and not as substantive evidence of guilt. Id. at 179.

. Bush, 667 So.2d at 28.

. Morgan, 818 So.2d at 1171-72 (¶ 17); Harrison, 534 So.2d at 179.

. Bush, 667 So.2d at 28 (prior inconsistent statement of prosecution witness properly admitted after witness refused to cooperate); Morgan, 818 So.2d at 1171-72 (¶ 17); Harrison, 534 So.2d at 179.

. See M.R.E. 607.