# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00244-COA

**WILLIE BAYS A/K/A WILLIE BAYS, SR.**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

DATE OF JUDGMENT:              01/27/2021
TRIAL JUDGE:                   HON. CHARLES E. WEBSTER
COURT FROM WHICH APPEALED:     COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        OFFICE OF STATE PUBLIC DEFENDER
                               BY: W. DANIEL HINCHCLIFF
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: BARBARA WAKELAND BYRD
DISTRICT ATTORNEY:             BRENDA FAY MITCHELL
NATURE OF THE CASE:            CRIMINAL - FELONY
DISPOSITION:                   AFFIRMED - 08/02/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.

### SMITH, J., FOR THE COURT:

¶1.     A Coahoma County jury convicted Willie Bays of one count of sexual battery by a person in a position of trust or authority. The Coahoma County Circuit Court sentenced Bays to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) and ordered Bays to register as a sex offender. Aggrieved, Bays appeals and alleges the trial court erred when it (1) failed to make a tender-years determination before admitting testimony containing hearsay statements from the twelve-year-old victim and (2) prevented him from re-calling the victim as a witness in the presentation of his defense. Upon finding that the admission of the victim's statements through the witness's testimony was harmless

error and that the court did not abuse its discretion when it declined Bays's request to re-call the victim, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2017, Sarah[1] and her brother Walker resided at the home of their great-grandmother and legal guardian, Willie Smith. Their father, Bays, lived at Smith's house off and on. Shirley Anderson, who testified that she was Smith's granddaughter and Sarah and Walker's cousin, had also frequently spent time at Smith's house to help take care of Sarah and Walker.

¶3.    On August 24, 2017, Anderson and Smith contacted the authorities to report a sexual assault. Officer Neal Mitchell of the Coahoma County Sheriff's Department responded to the call at Smith's home. When Officer Mitchell arrived, he was informed that Smith's twelve-year-old great-granddaughter Sarah had stated that her father, Bays, had sexually assaulted her. Officer Mitchell requested a criminal investigator from the Sheriff's Department, and Investigator Marcus Cohen arrived at Smith's home shortly thereafter to assist. Upon learning the nature of the sexual-assault claim, Investigator Cohen scheduled a physical sexual-assault examination and a forensic interview for Sarah, as well as a forensic interview for Walker, an alleged witness to the assault. Bays was subsequently arrested and indicted on a charge of sexual battery by an authority figure for engaging in sexual penetration with Sarah while occupying a position of trust or authority as her father. Bays pleaded not guilty, and the case went to trial. The jury found Bays guilty of one count of sexual battery by a

---

[1] We use fictitious names to protect the privacy of the minor children involved in this case.

person in a position of trust or authority. Bays was sentenced to serve twenty years in MDOC's custody and ordered to register as a sex offender.

¶4. Bays now appeals and alleges that the trial court erred by (1) admitting a witness's testimony containing the twelve-year-old victim's hearsay statement without conducting a tender-years determination and (2) denying the defendant's request to re-call a witness, thereby obstructing the presentation of his defense.

## STANDARD OF REVIEW

¶5. Appellate courts "review[] a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard." *Burgess v. State*, 178 So. 3d 1266, 1277 (¶30) (Miss. 2015). "An error in the admission or exclusion of evidence is not grounds for reversal unless the error affected a substantial right of a party." *Aguilar v. State*, 955 So. 2d 386, 392 (¶19) (Miss. Ct. App. 2006).

¶6. Likewise, "[i]t is within the sound discretion of the trial court to permit a witness to be re[-]called to the stand once the witness has completed his testimony." *Clark v. State*, 233 So. 3d 832, 847 (¶26) (Miss. Ct. App. 2017); *Portis v. State*, 245 So. 3d 457, 468 (¶26) (Miss. 2018) (We "review[] a court's decision on whether to allow a witness to be re[-]called for abuse of discretion."). This Court "will not disturb a trial court's ruling in this regard unless the trial court abused its discretion." *Clark*, 233 So. 3d at 847 (¶26).

## DISCUSSION

### I. Admission of Testimony Relaying Statement of Twelve-Year-Old Child

¶7. The first issue presented to this Court is whether the trial court improperly admitted

testimony that contained a statement made by a twelve-year-old child. The contested testimony from Anderson was her brief statement that on the day the police were called, she had a conversation with Sarah and learned from Sarah that Bays had molested her.

¶8.    Bays claims the court erred by admitting Anderson's testimony of Sarah's statement under Mississippi Rule of Evidence 801(d)(1)(C) as a statement of identification. His claim of error is predicated on the argument that the court should have applied the tender-years exception in Mississippi Rule of Evidence 803(25) to determine the admissibility of Anderson's testimony because it contained a statement made by a twelve-year-old to a third party about a sexual encounter.[2] Bays alleged that the prosecution's pre-trial motion stating the intention to offer Sarah's statement under Rule 803(25) further indicated that admitting Anderson's testimony was improper without conducting a tender-years determination.

¶9.    As the trial court noted, the prosecution did in fact file a pre-trial motion indicating the State planned to offer Anderson's testimony of Sarah's statement under the tender-years exception found in Rule 803(25), but the prosecution did not pursue that motion at trial. Instead, during trial, the prosecution chose to proffer Anderson's testimony under Rule 801(d)(1)(C) as a non-hearsay statement of identification. Ultimately, the trial court found

---

[2] Bays's argument appears to conflate two separate and distinct exclusions or exceptions to the hearsay rule, specifically Rule 801(d)(1)(C) and Rule 803(25). Bays does not allege the testimony of Sarah's statement was inadmissible absent Rule 801(d)(1)(C). Bays's contention on appeal seems to be that the trial court should have made a tender-years determination before admitting the statement regardless of which hearsay rule was employed to proffer the testimony. However, he provides no precedent or authority to support this position. "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *Cork v. State*, 329 So. 3d 1183, 1190 (¶21) (Miss. 2021); *accord* M.R.A.P. 28(a)(7).

the testimony admissible under the Rule 801(d)(1)(C) exclusion advanced at trial and allowed Anderson's testimony. Of note, the trial court limited the expansion of Anderson's testimony during the prosecution's direct examination. Upon objection by Bays's counsel on two occasions, the trial court prevented the prosecution from broadening its line of questioning regarding Sarah's statement identifying the perpetrator. Because the prosecution chose not to pursue the admission of Anderson's testimony on Rule 803(25) grounds, and because the court found the proffer under Rule 801(d)(1)(C) was sufficient, the court was not presented with circumstances warranting its consideration of the tender-years exception. Thus, the question before this Court becomes whether the trial court improperly admitted Anderson's testimony of Sarah's statement under Rule 801(d)(1)(C).

¶10.　Rule 801(d)(1)(C) allows a statement to be admitted into evidence as non-hearsay if it was a statement that "identifies a person as someone the declarant perceived earlier" and if the declarant testifies at trial and is subject to cross-examination.[3] In *James v. State*, 124 So. 3d 693, 700 (¶20) (Miss. Ct. App. 2013), we found that a statement made by a witness to his brother-in-law, stating that it was the defendant he had seen and shot at outside a house, was not a statement of identification under Rule 801(d)(1)(C). This Court held that Rule 801(d)(1)(C) "was not intended to allow the introduction as substantive evidence of hearsay statements that 'the defendant did it.'" *Id*. (quoting *United States v. Kaquatosh*, 242 F. Supp. 2d 562, 565 (E.D. Wis. 2003)). The phrase "'statement of identification' as

---

[3] Moreover, Rule 801(d)(1)(C) does not contain language distinguishing the age of the declarant or terminology referring to declarants of tender years. The rule does not separately necessitate a hearing to determine the reliability of statements by a child of tender years.

contemplated by Rule 801(d)(1)(C) . . . uses identification in a technical sense, referring to a witness identifying the defendant in a line-up, show-up, photo array, preliminary hearing, or the like." *Id*. Moreover, "perceived earlier" as used in the rule "should be interpreted to refer to perceiving the individual or a representation of him once again after the event in question." *Id*. Rule 801(d)(1)(C) "does not include statements unaccompanied by recognition of the defendant or his likeness." *Id*.[4] Further, in a case where our supreme court emphasized that "the only contested issue in this case was the identity of the shooter[,]" the court found that a witness's statements made to law enforcement investigators the day after the witness perceived the man who had shot him and given during the formal investigation were statements of identification of the shooter for Rule 801(d)(1)(C) purposes. *Smith v. State*, 25 So. 3d 264, 273 (¶27) (Miss. 2009).

¶11.    Here, Sarah's statement to Anderson is more analogous to the erroneously admitted statement in *James*, where it was made to a family member outside the formal investigation process and was not a "statement of identification" as contemplated by Rule 801(d)(1)(C). Sarah's statement occurred one month after the alleged assault during a conversation with Anderson, who was not an investigator, after Anderson had approached Sarah solely out of concern for her well-being because she had started to act out more often than usual. Further, Sarah's brief statement that her father molested her was not made in response to perceiving him once again after the assault at issue. *James*, 124 So. 3d at 700 (¶20). Rather, it was a

---

[4] *See Partee v. State*, 270 So. 3d 236, 238 (¶¶7-8) (Miss. Ct. App. 2018) (holding statements made by a fifteen-year-old witness to a law enforcement investigator relaying specific acts she had observed the defendant doing on the day of a burglary were statements of identification and admissible under Rule 801(d)(1)(C)).

statement "that a certain person, known to [Sarah], committed a crime[,]" and it was not a statement of identification in a technical sense. *Id*. Therefore, it was not admissible as a non-hearsay statement of identification, and the trial court erred by allowing Anderson's testimony of Sarah's statements under Rule 801(d)(1)(C). But this conclusion does not require reversal here.

¶12.    "[A]lthough this Court has determined that the out[-]of[-]court statement that was testified to . . . was introduced for the truth of the matter asserted and it should not have been admitted into evidence, we believe this error was harmless given the other evidence presented[.]" *Clemons v. State*, 732 So. 2d 883, 889 (¶23) (Miss. 1999). An error is considered harmless when "the weight of the evidence against [the defendant was] sufficient to outweigh the harm done by allowing admission of the evidence." *Friday v. State*, 217 So. 3d 759, 765 (¶21) (Miss. Ct. App. 2017).[5]

¶13.    Here, the error in admitting Sarah's statement to Anderson was harmless because of the overwhelming evidence presented against Bays; thus, the error does not warrant reversal. At trial, Sarah testified to her sexual assault, and Bays was given the opportunity to cross-examine her. Sarah's brother also testified in detail as an eyewitness and stated that he walked in the room while Bays was in the act and witnessed him sexually assaulting Sarah. Further, the testimony of the sexual-assault nurse examiner at trial also included statements that Sarah made during her examination elaborating on the sexual assault and identifying

---

[5] Even though it may have been "error for the trial court not to determine if the victim of sexual abuse was of tender years and if the tender-years exception applied, the error [does] not warrant reversal" if it was harmless. *Id*.

7

Bays as the person who molested her. As evidence properly admitted for the purposes of medical diagnosis, this testimony was much greater in length and in-depth (as it related to the factual recitation of the crime itself) than Sarah's single response offered through Anderson's testimony of which the appellant complains. While "it might have been error to admit the out[-]of[-]court statement, the error was harmless in light of the other direct evidence presented at trial." *Clemons*, 732 So. 2d at 889 (¶23). Therefore, we find the weight of the evidence of Bays's guilt outweighed any harm that may have occurred by admitting Anderson's testimony of Sarah's hearsay statements.

## II.    Defense's Evidence and Re-call of State's Witness

¶14.    The second issue on appeal is whether the trial court erred by preventing Bays from offering evidence of an alternate perpetrator and by not allowing him to re-call Sarah for the purpose of recanting or impeaching her testimony.

¶15.    Approximately two years before trial, the prosecution filed a motion in limine requesting that certain evidence of unrelated sexual assaults be excluded as inadmissible testimony under Mississippi Rule of Evidence 412.[6] With certain limited exceptions, Rule 412 prohibits the admission of "evidence of a victim's past sexual behavior" in criminal cases "involving an alleged sexual offense." Less than a month after the motion in limine was filed, the trial court entered an order invoking Rule 412 and preliminarily granting the motion

---

[6] The motion in limine seeking to exclude certain evidence under Rule 412 was filed with the trial court on January 18, 2019, and the trial began on January 25, 2021.

to restrict evidence of alleged sexual contact between Sarah and people other than Bays.[7] But the order also stated that if Bays believed such evidence would be admissible under Rule 412(b), then he could file a motion pursuant to Rule 412(c) for the court to consider.

¶16. At trial, Bays sought for the first time to introduce evidence of another perpetrator. He claimed that in 2017, Sarah told him that Anderson's son was the perpetrator. Bays's proffer consisted of his own testimony, testimony from his girlfriend (who was also present and had heard the statement), and a text message Sarah allegedly sent to Bays's father stating, "Everybody knows what [Anderson's son] be doing." The trial court found that the proffer was not newly discovered evidence, as Bays had known about the purported evidence for three years but had failed to disclose it prior to trial. The trial court therefore concluded that Bays had failed to comply with the procedural requirements of Rule 412.

¶17. Defense counsel then requested, in the alternative, to re-call Sarah to the witness stand for the purpose of questioning her about whether she previously had stated that someone other than Bays assaulted her. The prosecution contested the request based on the court's pre-trial order restricting evidence of Sarah's other alleged sexual contact. The trial court ultimately denied Bays's request to re-call Sarah because the defense's purported question could only be used for impeachment purposes, and defense counsel had previously had an opportunity during cross-examination to ask Sarah if she recanted her statement.

¶18. When considering evidence of alleged sexual contact of this nature within the scope of Rule 412, "the critical question is whether the evidence tends to demonstrate that another

---

[7] The trial court's order preliminarily granting the motion in limine was entered on February 11, 2019.

person is the actual source of the injury, or whether the evidence is simply offered to show the promiscuity or character of the victim." *Pustay v. State*, 221 So. 3d 320, 347 (¶82) (Miss. Ct. App. 2016). Additionally, "the trial court must determine that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice." *Id*. at 348 (¶85).

¶19.    Rule 412(b) allows evidence of the victim's past sexual contact "with a person other than the defendant, if offered by the defendant to prove that someone else was the source of . . . injury[.]" But for the evidence to be admissible, the defendant must make a "written motion and offer of proof at least 15 days before trial, unless the court sets a later time—including during trial—after determining: (i) the evidence is newly discovered and with reasonable diligence could not have been discovered earlier; or (ii) the issue is newly arisen[.]" MRE 412(c). Further, "[i]t is proper to prevent impeachment of a victim of a sexual offense when the defendant failed to follow the notice and disclosure procedure of Rule 412(c)." *Burgess*, 178 So. 3d at 1278 (¶34).

¶20.    Here, Bays desired to introduce evidence for the first time during trial that someone other than him was the source of Sarah's injury. The record shows Bays failed to make a Rule 412 motion before trial, as required. Nonetheless, the court considered Bays's argument to determine whether allowing a late Rule 412 motion was warranted. Upon finding Bays had knowledge of the proffered evidence for three years, the court concluded it was not newly discovered evidence. Because Bays failed to comply with the procedural requirements of Rule 412(c), especially in light of the court's pre-trial order granting the prosecution's

10

motion in limine, as well as Bays's knowledge of the evidence three years before trial, we find that the trial court did not abuse its discretion when it denied Bays's request to submit evidence of a different perpetrator.

¶21.    Mississippi Rule of Evidence 611(a) governs the examination of witnesses and provides guidelines for a court when "making its determination as to whether it should allow a witness to be re[-]called[.]" *Clark*, 233 So. 3d at 847 (¶26). The rule states that the trial court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." MRE 611(a).

¶22.    The prosecution called six witnesses during its case-in-chief. Sarah was the sixth witness to testify and was subject to direct examination, cross-examination, and redirect examination. As the trial court noted, Bays had knowledge of the evidence allegedly showing a different perpetrator at the time of defense counsel's cross-examination of Sarah. The grounds Bays asserts for his request to re-call Sarah are based on an alleged prior inconsistent statement Sarah made to Bays and his girlfriend, as well as a text message allegedly sent by Sarah. The defense's cross-examination of Sarah would have been the appropriate time for Bays to attempt to impeach Sarah or elicit a retraction of her statements. But Bays did not take that opportunity to question Sarah about changing her statement. In *Badger v. State*, 269 So. 3d 1197, 1200-01 (¶¶10, 16) (Miss. Ct. App. 2018), this Court affirmed the trial court's denial of a defendant's request to re-call a witness where the witness had already taken the

11

stand the day before during the State's case-in-chief and was subject to cross-examination. Therefore, we find that the trial court acted within its discretion when it denied Bays's request to re-call Sarah.

## CONCLUSION

¶23. We find that the admission of Sarah's statements to Anderson under Rule 801(d)(1)(C) was error, but the error was harmless based on the weight of the evidence presented at trial. Additionally, we find that the court did not abuse its discretion when it denied Bays's untimely request to submit evidence of another perpetrator, nor when it declined Bays's request to re-call Sarah. Thus, we affirm Bays's conviction and sentence.

¶24. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND EMFINGER, JJ., CONCUR. LAWRENCE, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**